PRYOR & MANDELUP, L.L.P.
Attorneys for **Debra Kramer, Esq., Chapter 7 Trustee**
**J. Logan Rappaport, Esq.**
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
LR@pryormandelup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
*In re*:                                                                  Chapter 7

OCEAN PEARL RESTAURANT INC.,
                                                                              Case No. 1-13-43123-cec
                                    Debtor.
---------------------------------------------------------X

## STIPULATION AND ORDER OF SETTLEMENT

**THIS SETTLEMENT STIPULATION** (the "Stipulation") is made and entered into, as of October 11, 2013 (the "Settlement Date"), by and between Debra Kramer, Esq., the Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Ocean Pearl Restaurant Inc. (the "Debtor"), the debtor in the above-captioned bankruptcy case, by her counsel, Pryor & Mandelup, L.L.P., and 17 Orchard Realty, Inc. ("Orchard" and together with the Trustee, the "Parties," and each, individually, a "Party"), by its counsel, Ortiz & Ortiz, L.L.P.

**WHEREAS**, on May 22, 2013 (the "Filing Date"), Debtor, which operated a restaurant serving Chinese cuisine in Flushing, New York, filed a voluntary petition (the "Petition") for relief from its creditors under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code"); and

**WHEREAS**, the Trustee was then appointed interim trustee of Debtor's bankruptcy Estate; and

**WHEREAS**, the first meeting of creditors (the "First Meeting") was held on June 25, 2013, pursuant to Section 341 of the Bankruptcy Code, although has yet to be examined; and

**WHEREAS**, Debtor has a leasehold interest (the "Leasehold Interest") with respect to the premises located at 133-54 41st Avenue, Flushing, New York (the "Premises") from Orchard pursuant to an Extension of Lease Agreement, dated June 19, 2007, by and between Debtor and Oriam Associates, LLC ("Oriam"), Orchard's predecessor-in-interest; and

**WHEREAS**, Debtor had previously obtained the Leasehold Interest from Chun Kit Cheng and Chi Kit Wu pursuant to an Assignment and Assumption of Lease, dated August 31, 2005, which included the assignment of their right, title and interest in a security deposit in the amount of $57,000.00 (the "Security Deposit"); and

**WHEREAS**, Debtor listed its interest in the Security Deposit in Schedule "B" of its Petition; and

**WHEREAS**, the Trustee's investigation revealed that, on or about August 22, 2007, Orchard purchased the real properties located at 133-54 41st Avenue, Flushing, New York, which included the Premises, and 133-60 41st Avenue, Flushing, New York from Oriam; and

**WHEREAS**, as reflected in the Closing Statement memorializing the transaction, Orchard received various credits from Oriam against the purchase price for the two real properties, including a credit in the amount of $57,000.00 with respect to the Security Deposit; and

**WHEREAS**, the Trustee asserts that Orchard utilized the Security Deposit for its own benefit as a credit against the purchase price and failed to re-establish the Security Deposit in a segregated account for Debtor's benefit despite the fact that the Security Deposit was Debtor's property; and

**WHEREAS**, the Trustee contends that Orchard's conduct vis-à-vis the Security Deposit amounts to a *de facto* conversion of the Security Deposit and the commingling of same

with Orchard's personal moneys in violation of § 7-103 of the New York General Obligations Law and that, under applicable case law, Orchard's failure to replenish the Security Deposit prior to the Filing Date necessarily deprives Orchard of any and all set-off rights against the Security Deposit; and

**WHEREAS**, as the Estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case", pursuant to 11 U.S.C. § 541(a)(1), which includes a cause of action, the Trustee may maintain an action to recover upon the Estate's claim (the "Claim") against Orchard for the converted Security Deposit; and

**WHEREAS**, prior to the Filing Date, on or about March 6, 2013, Orchard obtained a Judgment of Possession against Debtor with respect to the Leasehold Interest, however no warrant of eviction was executed prior to the Filing Date; and

**WHEREAS**, in order to avoid the costs and uncertainty of potential litigation by the Trustee to recover the Security Deposit from Orchard, the Parties, by their counsel, have been engaged in negotiations so as to reach an amicable settlement of the Claim; and

**WHEREAS**, the Parties desire to settle the Claim on the terms and conditions set forth below; and

**NOW, IN CONSIDERATION OF THE FOREGOING, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. **Recitals**. The foregoing recitals are incorporated herein and shall constitute a part of this Stipulation.

2. **Effective Date**. This Stipulation shall be effective and binding upon the Parties (the "Effective Date") as of the date on which an order approving this Stipulation is entered by the Court and becomes final and non-appealable.

3. **Settlement Sum**. In full and final settlement of the Claim, Orchard agrees to pay to the Trustee, upon execution of this Stipulation, the sum of $22,000.00 (the "Settlement Sum") by certified check, payable to the Trustee, which funds shall be deposited and held by the Trustee in her Chapter 7 trustee account for Debtor's case, and not released prior to the Effective Date. Orchard shall return the executed Stipulation to the Trustee's counsel, but shall mail the Settlement Sum directly to the Trustee.

4. **The Leasehold Interest**. Upon the Effective Date, the Trustee shall surrender the Leasehold Interest and possession of the Premises to Orchard.

5. **Release by Orchard**. Upon the Effective Date, in consideration of the covenants contained in this Stipulation, Orchard (in this paragraph, "**Releasor**") shall conclusively be deemed to have released the Trustee, Trustee's representatives, and the Estate (collectively, in this paragraph, "**Releasees**"), Releasees' heirs, executors, administrators, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasees, the Releasor, Releasor's successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, exclusive of the obligations of the Trustee pursuant to this Stipulation.

6. **Release by Trustee and Estate**. Upon the Effective Date, in consideration of the covenants contained in this Stipulation, the Trustee and the Estate (collectively, in this paragraph, "**Releasors**") each shall conclusively be deemed to have released Orchard (in this paragraph, **"Releasee"**), Releasee's heirs, members, attorneys, executors,

administrators, successors, and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasee, the Releasors, Releasors' successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Stipulation, with respect to the Claim, exclusive of the obligations of Orchard pursuant to this Stipulation. Nothing contained herein shall be deemed a release of any person or entity other than as set forth above.

7. **Waiver of Claims**. Upon the Effective Date, Orchard shall be deemed to have waived any and all claims, as defined in 11 U.S.C. § 101(5), against the Estate, including, but not limited to, Claim No. 4-1 (the "Filed Claim"), which Orchard filed in Debtor's Chapter 7 case, and all claims available to the Orchard under 11 U.S.C. §§ 502(h), 503, and 507(a) of the Bankruptcy Code, whether arising prior to or after the Filing Date, and whether or not filed in Debtor's case. Upon the Effective Date, Orchard shall cause its Filed Claim to be withdrawn of record and expunged.

8. **Unwinding**. In the event that: (i) an order is entered denying the Trustee's motion for the so-ordering of this Stipulation or entry of an order approving this Stipulation; or, (ii) this Stipulation is not executed by Orchard, and returned to the undersigned counsel for the Trustee, on or before October 11, 2013, this Stipulation shall be deemed null and void, and of no further force and effect. In such event, the *status quo,* as between the Parties prior to the execution of this Stipulation, shall be restored and each Party shall remain vested with all rights, claims and defenses against the other. In such event, any funds previously paid by

Orchard shall be returned immediately to Orchard by the Trustee and/or his counsel, less any bank fees or Trustee bond charges.

9. **No Admissions**.  It is understood and agreed that the Orchard admits no liability whatsoever in connection with the Claim, and nothing contained herein shall be construed to establish or to infer Orchard's liability in connection with the Claim.  This Stipulation represents a compromise of a disputed claim.

10. **Representations and Acknowledgments**.  Both signatories to this Stipulation represent and acknowledge that they have the requisite authority to execute this Stipulation.

11. **Multiple Counterparts**.  This Stipulation may be executed in multiple counterparts and/or by facsimile signatures, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument having full force and effect.

12. **Choice of Law/Venue**.  The Parties agree that this Stipulation shall be governed by the substantive laws of the State of New York, without reference to choice of law principles, and that venue of any action to enforce or interpret this Stipulation shall be exclusively in the above-captioned Court.

13. **Entire Agreement**.  This Stipulation contains the entire agreement between the Parties concerning the subject matter of the Stipulation and same supercedes all prior agreements, understandings, discussions, negotiations and undertakings between the Parties concerning the subject matter of the ~~Adversary Proceeding~~ ***Claim (CEC)***, whether written or oral.  This Stipulation may not be changed or modified except in a writing signed by the Parties.

14. **Final Settlement**. The Parties acknowledge and agree that this Stipulation is being executed and delivered as a full and final Settlement of the claims and defenses raised ~~in the Complaint and the Adversary Proceeding~~ *by the Claim* *(CEC)*.

15. **Construction**. Any construction to be made of this Stipulation shall not be construed for or against either Party, but rather shall be given a fair and reasonable interpretation based on the plain language of the Stipulation and the expressed intent of the Parties.

16. **Binding Effect**. This Stipulation and each term hereof shall be binding upon and inure to the benefit of each of the Trustee, the Estate, Orchard, and their respective legal representatives, successors and assigns.

17. **Headings**.  The headings of sections contained in this Stipulation are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Stipulation.

**IN WITNESS WHEREOF,** the undersigned counsel for the Parties hereto have executed this Stipulation as of the date of this Stipulation.

| | |
|---|---|
| PRYOR & MANDELUP, L.L.P.<br>Attorneys for the Trustee | ORTIZ & ORTIZ, L.L.P,<br>Attorneys for 17 Orchard Realty, Inc. |
| By: */s/ J. Logan Rappaport*<br>J. Logan Rappaport<br>675 Old Country Road<br>Westbury, New York 11590<br>(516) 997-0999<br>LR@pryormandelup.com | By:   */s/ Norma E. Ortiz*<br>Norma E. Ortiz<br>127 Livingston Street<br>Brooklyn, New York 11201<br>(718) 522-1117<br>email@ortizandortiz.com |

**Dated: Brooklyn, New York**
**November 22, 2013**



_____
**Carla E. Craig**
**United States Bankruptcy Judge**